J. J. LONG, Administrator, Etc., Plaintiff, v. ANGIE VALLEAU, Defendant, Appellee, MARY A. LONG, Intervener, Appellant.

**Judicial Sale:** CONSTRUCTION OF STATUTE. Code, section 3089, provides that if a purchaser on execution sale fails to pay his bid when demanded, the plaintiff may elect to proceed against him, or the sheriff may treat the same as a nullity. On a sale with redemption, a bid of five hundred and twenty dollars was accepted for property worth eleven thousand dollars. The purchaser did not attempt to pay his bid for nearly thirty days after demand, and the plaintiff made no election to proceed against the purchaser, the sheriff then accepted the amount of the execution, and costs, and returned the execution satisfied. *Held*, a refusal to order the sheriff to make deed to the purchaser will be upheld.

*Appeal from O'Brien District Court.*—HON. S. M. LADD, Judge.

WEDNESDAY, FEBRUARY 12, 1896.

*H. E. Long* for appellant.

*Allen & Brown* for appellees.

KINNE, J.—I. Mary A. Long, on November 21, 1893, filed her motion in the office of the clerk of the district court of O'Brien county, Iowa, against O. N.

Norgard, sheriff of Winneshiek county, Iowa, asking the issuance of a mandatory order upon said sheriff, directing him to accept the amount of her bid, made as hereinafter set forth, and requiring said sheriff to execute a deed to certain real estate sold to Mary A. Long. Angie Valleau, the judgment debtor, whose land had been sold, intervened upon the hearing. The matter was heard upon affidavits and documentary evidence, and the court overruled the motion of Mary A. Long, and taxed her with the costs of the proceeding. She appeals.—*Affirmed.*

II. The facts, stated briefly, are that on December 12, 1891, J. J. Long, as administrator, recovered a judgment for two hundred and twenty-five dollars against Angie Valleau. The costs therein amounted to two hundred and eighteen dollars. An appeal was taken in said case, and the judgment below was affirmed by this court in May, 1893.—Iowa—(55 N. W. Rep. 31). August 21, 1893, plaintiff caused an execution to be issued upon said judgment, directed to the sheriff of Winneshiek county, Iowa; and, under the direction of her attorney, said sheriff levied upon the individual two-thirds interest of Angie Valleau, in certain real estate, worth from six to eleven thousand dollars, and advertised and sold the same to Mary A. Long for five hundred and twenty dollars and ninety cents, the amount of said judgment, costs, and accruing costs. The sheriff, in his answer, showing cause why he should not be compelled to execute a deed to Mary A. Long, says his understanding was, that the land was to be sold subject to redemption, and so he levied on much more property than he otherwise would have done; that he never knew, until after the sale, that the execution was issued upon a judgment, from which an appeal had been taken to the Supreme Court; that the land was sold subject to redemption; that the land levied upon was worth seven thousand dollars; that

the sale occurred on September 29, 1893; that the purchaser paid nothing on the bid, and never offered to pay anything until October 24, 1893, when the attorney for Mary A. Long tendered the money, and demanded a deed, which the sheriff refused; that on October 23, 1893, Angie Valleau paid to the sheriff the amount due on the execution, costs, and accrued costs, and said sheriff returned the execution satisfied; that Mary A. Long, having failed to offer or pay the amount bid, the sheriff declared the sale off, and ignored her said bid, accepted and received said money from said defendant. Angie Valleau intervened, claiming to be the owner of the land levied upon; that it was worth eleven thousand dollars; that the levy was wrongful, unjust, and excessive, and setting out the fact that she, on October 23, 1893, paid said sheriff the full amount due on said execution, including costs and accruing costs. Many other facts are recited in the petition of intervention not necessary to be here set forth. Issue was taken by Mary A. Long on the facts stated in the petition of intervention, and the hearing proceeded.

This matter may be briefly disposed of without entering into a discussion of the many questions argued by counsel. This record shows, that Mary A. Long is the wife of H. E. Long, the attorney for her in this case. J. J. Long, the plaintiff, is a brother of H. E. Long. Counsel claims that under the provisions of Code, sections 3101, 3102, his wife had a right to a deed to this property. It appears in this case, that the sheriff making the sale was not advised by counsel, or otherwise, that the sale was to be made without redemption, nor was he advised that the judgment had been appealed from. He, therefore, told parties representing the defendant in execution, that the property would be sold, subject to redemption, and it was, in fact, so sold. We need not determine

what the effect of such a proceeding would be upon
Angie Valleau's right to redeem.   Under the showing
made in this record, it cannot be doubted that, had
the sheriff known that the case was one where the
property should be sold without redemption, he would
not have levied upon from seven to eleven thousand
dollars' worth of real estate, to satisfy a claim, and
costs, aggregating only five hundred and twenty dol-
lars and ninety cents.   Our law provides that, "where
the purchaser [at sheriff's sale] fails to pay the money
when demanded, the plaintiff, or his attorney, may
elect to proceed against him for the amount; other-
wise, the sheriff shall treat the sale as a nullity, and
may sell the property on the same day, or after a post-
ponement, as above authorized."   Code, section 3089.
The only postponement which the sheriff could make,
in the absence of agreement between the parties,
must be made on the day of sale, for not more than
three days, and but two such postponements may be
made.   Code, section 3083.   The facts are, that Mary
A. Long was not present at the sale, nor was anyone
there to act for her.   Just before the sale, her hus-
band, the attorney for plaintiff, wrote the sheriff,
instructing him to bid the property in, in her name,
if there were no other bidders.   This was done.   The
next day the sheriff wrote the attorney what had been
done, and demanding his costs and the amount of the
bid.   No money came, and, after waiting for almost
thirty days, the sheriff accepted the amount due on
the execution from Angie Valleau, and returned the
execution as fully satisfied.   The next day, Mary A.
Long tendered to the sheriff the amount of her bid,
and demanded a deed, and the tender was rejected,
and the sheriff refused to execute the deed.   No such
election to proceed against the purchasers, as the
statute contemplated, was made by the plaintiff.   The
bid had not been paid.   The officer was not required

to wait the pleasure of the bidder, as to the time she would pay. The bidder, having failed to pay the amount of her bid, she is in no situation to complain, or to insist upon a deed to the property. The plaintiff, having failed to elect, as required by the statute, to proceed against the bidder, and the full amount of the claim and costs having been paid, he ought to be satisfied.

We discover no reason for assisting Mary A. Long to obtain title to land worth from seven to eleven thousand dollars, for five hundred and twenty dollars and ninety cents. It is said that the sheriff could not receive the money from Angie Valleau as a redemption, as she had no right to redeem. Her right to redeem is not in controversy; as the money was not received in redemption from the sale. The sale was virtually set aside, and the money paid, in satisfaction of the amount due upon the execution in the sheriff's hands. There are other and sufficient reasons why such a sale should not be permitted to stand, which we need not now consider. The action of the district court meets with our approval, and its order and judgment is AFFIRMED.